IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TONYA MILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-3116-CV-S-NKL |
| | ) | |
| JO ANNE BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security Administration | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File *In Forma Pauperis* [Doc. # 1]. For the following reasons, Plaintiff's motion is denied.

Plaintiff has filed an Affidavit of Financial Status in support of her Motion. Pursuant to 28 U.S.C. § 1915(a), this Court may authorize commencement of a suit without prepayment of fees. The statute specifically provides that a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The district court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. First, the Court must determine whether the applicant qualifies by economic status under § 1915(a). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Second, the Court must determine whether the cause of action stated in the complaint is frivolous or

1

malicious.  28 U.S.C. § 1915(e)(2); *see also Martin-Trigona*, 691 F.2d at 857.

The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the court's process.  *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court.  *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984).  A showing of poverty is sufficient if the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also* Local Rule 83.7.

Plaintiff has provided this Court with an affidavit revealing her ability to prepay fees and costs without having to forfeit the basic necessities of life.  Plaintiff is not currently employed but has been employed in the past as an accountant, earning a net income of $2,100 per month.  Her spouse is self-employed, earning a net income between $1,300 and $5,300 per month.  They co-own a house valued at $187,000, in which they hold $23,000 in equity and for which they make monthly mortgage payments of $1,340.  They have two automobiles: a 2000 Toyota Sequoia SUV, valued at $22,000, and a 2000 Pontiac Grand Prix, valued at $3,000, on both of which they owe substantial debts ($19,500 and $5,500, respectively), and for which they make combined monthly payments of approximately $900.  Plaintiff states that she has approximately $650 in cash on hand and received $575 per month in food stamps from December 2005 through March 2006.  In addition to the car and house payments, the affidavit includes other

monthly obligations totaling $1,600,[1] including $100 per month for Direct TV satellite television. Plaintiff and her spouse have three children under the age of 13, and they have recently filed for bankruptcy resulting in the foreclosure of a second home in Oklahoma.

While it appears that the Plaintiff is struggling with her debt load, the Court does not believe that the prepayment of a filing fee would require Plaintiff to sacrifice the necessities of life. As she does not meet the first prong of the *Martin-Trigona* test for financial eligibility under section 1915, the Court need not proceed to step two. Plaintiff may still file her Complaint upon payment of the appropriate filing fee.

The Motion for leave to Proceed *in forma pauperis* [Doc. # 1] is DENIED.

IT IS SO ORDERED.

                                                      s/ NANETTE K. LAUGHREY
                                                      NANETTE K. LAUGHREY
                                                      United States District Judge

Dated: April 13, 2006
Jefferson City, Missouri

---

[1] This figure include $700 per month in self employment expenses, but the Court has taken this amount into account in relying on Plaintiff's estimation of her husband's net, rather than gross, monthly income which differs by $700.